


# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT NASHVILLE

| | | |
|---|---|---|
| **Michael Moss,** | ) | **Docket No.: 2015-06-1304** |
| **Employee,** | ) | |
| **v.** | ) | **State File Number: 94542-2015** |
| **Wood Personnel Services,** | ) | |
| **Employer.** | ) | **Judge Kenneth M. Switzer** |
| | ) | |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

---

This case came before the undersigned workers' compensation judge on the Request for Expedited Hearing filed by the employee, Michael Moss, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is whether Mr. Moss is entitled to additional medical benefits and, in particular, a panel of orthopedic specialists. Mr. Moss additionally seeks reimbursement for past medical expenses and temporary disability benefits.[1] For the reasons set forth below, the Court finds Mr. Moss is entitled to a panel. However, on the record presently before it, the Court cannot grant the additional relief Mr. Moss seeks.

### History of the Claim

Mr. Moss is a thirty-nine-year-old resident of Davidson County, Tennessee. He worked for Wood Personnel Services, a staffing company, which assigned him to Standard Candy Company. Mr. Moss worked as a porterman, with duties similar to those of a janitor.

Mr. Moss testified that at 8:30 a.m. on November 2, 2015, he bent down to pick up a tote from the floor and felt a sharp pain in his back as he raised himself up. While Mr. Moss noticed groin pain the night before, this was the first time he felt pain in his back. Sherry Mattingly, Mr. Moss' supervisor, noticed him limping and asked if he was all right. Mr. Moss told her he was in pain but would try to "walk it off." Mr. Moss stated the pain did not subside. At about 10:30 a.m., he informed Sherry's supervisor, "Jorge,"

---

[1] The Dispute Certification Notice lists additional issues the parties failed to address at the expedited hearing. Therefore, the Court considers them waived at this time.

he needed to go the emergency room. Jorge gave Mr. Moss his phone number and told him to keep him informed.

Upon arrival at the St. Thomas Midtown emergency room, Mr. Moss provided a urine sample, which indicated he was suffering from a kidney stone. Mr. Moss updated Jorge and "Justin," his recruiter from Wood Personnel.

On November 4, 2015, Mr. Moss passed the kidney stone but still experienced back pain. He returned to the emergency room that evening, where he received an ultrasound, which revealed muscle spasms from passing the stone. He called Jorge once again, who told him to take time off from work. However, Mr. Moss returned to work for the next two weeks or so. Mr. Moss attempted to contact Justin over that time to discuss further medical treatment, but Justin never returned his calls. He finally called Wood Personnel, which eventually connected him with Todd Drumright. On November 19, 2015, Mr. Moss met with Mr. Drumright to complete the workers' compensation documentation, which included selecting a physician from a panel provided by Wood Personnel. Mr. Moss chose U.S. HealthWorks from the panel. (Ex. 3.)

Mr. Moss saw Dr. Harold Nevels, the authorized treatment provider (ATP), at U.S. HealthWorks that same day. Dr. Nevels checked a box indicating the injury as work-related, placed Mr. Moss on light duty, and recommended physical therapy. (Ex. 1 at 31.)

Although Wood Personnel initially covered the cost of medications, Mr. Moss testified Mr. Drumright declined to pay for prescribed medicine during the week of Thanksgiving, saying it "wasn't going to happen; it wasn't his responsibility," and, "something about my story wasn't adding up." Mr. Moss paid for the medicine himself, but he introduced no proof of the expense into evidence at the expedited hearing.

Mr. Moss returned to U.S. HealthWorks on November 25, 2016, at which time Dr. Nevels recommended an MRI and a referral to an orthopedic specialist. *Id.* at 36-37. Dr. Nevels made the same recommendation on December 3, 2015. *Id.* at 40-41. Wood Personnel denied Mr. Moss's claim on December 4, 2015, due to "no medical evidence to support work injury." (Ex. 5.) At some point after the denial, Wood Personnel terminated Mr. Moss, and he has been unable to work since his injury.

Mr. Moss sought additional care over the next few months at Nashville General Hospital at Meharry. (*See generally* Ex. 6.) A February 10, 2016 MRI revealed, "[m]ild right paracentral and foraminal disc protrusion at L4-L5. Mild right-sided central spinal canal stenosis and right neuroforaminal narrowing which abuts the exiting right L4 nerve root." (Ex. 2 at 5; Ex. 6.) The "clinical history" of the MRI report additionally states, "degenerative spine disease." According to Mr. Moss, he inquired about the degenerative spine problem, and providers at Meharry told him they are required to code procedures in advance to justify their performance.

2

After Mr. Moss presented all of his proof at the expedited hearing, Wood Personnel moved for a directed verdict, which the Court took under advisement but now denies.[2]

Wood Personnel offered Mr. Drumright's testimony in its case-in-chief. Mr. Drumright, as area manager, is responsible for processing workers' compensation claims. He investigated Mr. Moss' claim and completed a report. (Ex. 7.) He testified he contacted Standard Candy Company's safety manager to inquire about any videotape documenting the injury, but, "there was no, um, ah, video that reflected a time that Mr. Moss was injured." Wood Personnel did not introduce any video into evidence. Mr. Drumright additionally visited the workplace and spoke to Ms. Mattingly, who said Mr. Moss did not make her aware of an injury, his back hurt due to kidney stones, and there was no injury reported to her or Jorge. Mr. Drumright further testified he spoke to Dr. Nevels. Mr. Drumright recounted their conversation as follows:

> Dr. Nevels, um, thought that the injury was not matching up with, uh, what Mr. Moss was telling him. There was also, um, inconsistencies in the times – in the times and dates that he said he went to the hospital. And then, ah, as well as, uh, there was some information that Dr. Nevels said that could be signs of withdrawal for not having certain medications. And Dr. Nevels, um, resisted giving narcotics, um, for his injury because of that.

Mr. Drumright conveyed this information to the carrier, prompting the denial.

### Findings of Fact and Conclusions of Law

In order to grant the relief Mr. Moss seeks, the Court must apply the following legal principles. Mr. Moss bears the burden of proof on all prima facie elements of his workers' compensation claim. Tenn. Code Ann. § 50-6-239(c)(6) (2015); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd.

---

[2] In *Burchfield v. Renfree,* No. E2012-01582-COA-R3-CV, 2013 Tenn. App. LEXIS 685 (Tenn. Ct. App. Oct. 18, 2013), the Court of Appeals reiterated the principles regarding directed verdicts:

> The rule for determining a motion for directed verdict requires the trial judge and the appellate courts to look to all of the evidence, take the strongest, legitimate view of the evidence in favor of the opponent of the motion and allow all reasonable inferences from it in his favor. The court must disregard all countervailing evidence and if there is then any dispute as to any material, determinative evidence or any doubt as to the conclusions to be drawn from the whole evidence, the motion must be denied. The court may grant the motion only if, after assessing the evidence according to the foregoing standards, it determines that reasonable minds could not differ as to the conclusions to be drawn from the evidence.

*Id.* at *86-87 (internal citations omitted). In this case, the Court finds reasonable minds can differ as to the conclusions to be drawn from the evidence; therefore, a directed verdict was not warranted. Further, Wood Personnel's motion should be styled as a motion to dismiss, as directed verdicts are appropriate in the context of jury trials rather than bench trials.

3

LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). Mr. Moss need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, Mr. Moss has the burden to come forward with sufficient evidence from which this Court can determine he is likely to prevail at a hearing on the merits. *Id.*

The Workers' Compensation Law defines an "injury" as "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes . . . the need for medical treatment." Tenn. Code Ann. § 50-6-102(14) (2015). Further, an injury is accidental "only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment[.]" Tenn. Code Ann. § 50-6-102(14)(A) (2015). Arising out of employment refers to causation. *Reeser v. Yellow Freight Sys., Inc.*, 938 S.W.2d 690, 692 (Tenn. 1997). An injury arises out of employment when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury. *Fritts v. Safety Nat'l Cas. Corp.*, 163 S.W.3d 673, 678 (Tenn. 2005).

Here, Mr. Moss credibly testified regarding a specific incident: On November 2, 2015, at approximately 8:30 a.m., while attempting to lift a tote at work, he experienced sharp pain in his back. Wood Personnel did not challenge his testimony concerning the manner in which Mr. Moss became injured. Specifically, it did not introduce videotape evidence capturing the event, nor did it introduce affidavits or in-person testimony from Ms. Mattingly or Jorge, who presumably possess personal knowledge of the events of that day.

Instead, Wood Personnel focused on the lack of medical causation as its principal defense. On this point, the Workers' Compensation Law provides, "[a]n injury causes death, disablement or the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2015). Shown to a reasonable degree of medical certainty means that, in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(14)(D) (2015). Thus, causation must be established by expert medical testimony, and an employee's lay testimony, without corroborative expert testimony, does not constitute adequate evidence of medical causation. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *12 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015).

Wood Personnel's argument regarding medical causation at this stage of the proceedings is incorrect. Dr. Nevels checked Mr. Moss' injury as work-related after his very first visit on November 19, 2015. This statement does not conform to the statute's

4

requirement that causation be shown to a reasonable degree of medical certainty that the injury contributed more than fifty percent in causing the need for medical treatment. However, at an expedited hearing, an employee need not establish the compensability of his or her claim by a preponderance of the evidence. *See Lewis v. Molly Maid, et al.,* No. 2015-06-0456, 2016 TN Wrk. Comp. App. Bd. LEXIS 19, at *8-9 (Tenn. Workers' Comp. App. Bd. Apr. 20, 2016). Rather, where the employee comes forward with sufficient evidence to support that a work event resulted in injury, it may also be sufficient to support an order compelling an employer to provide a panel. *Id.*

In the instant case, Mr. Moss credibly testified he injured his back while picking up a tote. He explained specifically the difference in this pain and his kidney stone pain in his testimony. Wood Personnel correctly offered him a panel of physicians. The medical records submitted characterized the event as work-related. The history in those medical records proved consistent with the history Mr. Moss gave at the expedited hearing. The ATP twice recommended a referral to an orthopedic physician and documented the need for an MRI. In the November 25, 2015 office notes, the ATP called for the referral and MRI "ASAP;" yet, for reasons unsupported by any medical documentation, Wood Personnel denied the claim and ended treatment on December 4, 2015.

Wood Personnel's evidence in this regard is Mr. Drumright's testimony and its internal report, which he created and the Court admitted into evidence without objection. Upon closer examination, however, the Court finds the report rife with hearsay and unsubstantiated allegations, and places little weight upon both it and Mr. Drumright's testimony. While Mr. Moss has yet to prove by a preponderance of the evidence that he suffered an injury arising primarily out of and in the course and scope of employment, the Court concludes he has shown he is likely to prevail at a hearing on the merits on this issue.

Turning to the requested relief, Wood Personnel provided a panel, but it failed to abide by the referral of the ATP to an orthopedist and to authorize an MRI, twice. The Court finds Mr. Moss is entitled to continued medical treatment in accordance with the referral of the ATP. Accordingly, Mr. Moss is entitled to a panel of orthopedic doctors from which to select a physician. It shall then become the responsibility of the parties to determine whether the physician believes Mr. Moss suffered an injury arising primarily out of and in the course and scope of employment.

Mr. Moss additionally seeks reimbursement for past medical expenses. The Workers' Compensation Law provides that employers must furnish, free of charge to the employee, medical treatment made reasonably necessary by the work-related accident. *See* Tenn. Code Ann. § 50-6-204(a)(1)(A) (2015). Mr. Moss testified regarding prescription medicine he purchased, but he failed to introduce the receipt into evidence. On the present record, the Court cannot order reimbursement. However, Mr. Moss may seek reimbursement at the compensation hearing.

Finally, Mr. Moss seeks past temporary disability benefits. In *Jones v. Crencor,* No. 2015-06-0332, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at \*7 (Tenn. Workers' Comp. App. Bd. Dec. 11, 2015), the Appeals Board held:

> An injured worker is eligible for temporary disability benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability. *Simpson v. Satterfield,* 564 S.W.2d 953, 955 (Tenn. 1978).

Until these criteria are established, the Court is unable to grant such benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Wood Personnel shall provide Mr. Moss with additional medical treatment by provision of a panel of orthopedic specialists as required by Tennessee Code Annotated section 50-6-204 (2015). The chosen orthopedic specialist or Mr. Moss shall furnish Wood Personnel or its carrier with the medical bills for prompt payment.

2. Mr. Moss' requests for reimbursement of past medical expenses and past temporary disability benefits are denied at this time.

3. This matter is set for an Initial (Scheduling) Hearing on July 18, 2016, at 9:45 a.m. Central Time.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED** this the 3rd day of June, 2016.

Judge Kenneth M. Switzer
Court of Workers' Compensation Claims

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Kenneth M. Switzer, Court of Workers' Compensation Claims. You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the**

7

**appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:
1. Medical Records of Michael Moss
2. Mr. Moss' Affidavit
3. Employee's Choice of Physician form
4. Wage statement
5. Notice of Denial
6. Supplemental medical records, Nashville General Hospital at Meharry
7. Wood Personnel workers' compensation report

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Witnesses & Exhibit List

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Granting Medical Benefits was sent to the following recipients by the following methods of service on this the 3rd day of June, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Michael Moss, Self-represented Employee | X | | x | madmosster@gmail.com; 723 S. 13th St., Nashville TN 37206 |
| Michael W. Jones, Employer's Counsel | | | x | mjones@wimberlylawson.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**